IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE INTACT COMPAGNIE D'ASSURANCE

        Petitioner,

-against-

NORTH HUDSON TROOP OF NEW YORK
STATE POLICE DEPARTMENT,

        Respondent.

-----------------------------------------------------------------X

DECLARATION OF AMELIE PASQUIN IN SUPPORT OF APPLICATION FOR A SUBPOENA DUCES TECUM AND AD TESTIFICANDUM TO OBTAIN MATERIALS AND TAKE DEPOSITION FOR USE IN A FOREIGN ACTION

        Amelie Pasquin hereby declares, pursuant to 28 U.S.C. § 1746 (1), under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an attorney for Intact Compagnie D'Assurance in connection with the below referenced action.

2. On March 13, 2019, an action entitled *Transport Kahkashan Inc. v. Intact Compagnie D'Assurance* was commenced in Canada, in the Province of Quebec, in the District of Montreal, with venue in the Superior Court of Quebec, and is now pending in that Court.

3. The underlying Canadian action is an action to recover insurance proceeds from an alleged theft of a 2017 Great Dane semi-trailer with license plate RG6413H, bearing VIN number 1GRAA0623HB70330, (the "**Semi-Trailer**") on or around October 5, 2016.

4. Plaintiff in that action is Transport Kahkashan Inc. ("**Kahkashan**"), which instituted the Canadian action for damages against Intact Insurance Company (Intact Compagnie

D'Assurance or "**Intact**") before the Superior Court of Quebec under the file bearing number 500-17-707112-198 (the "**Canadian Action**"), following the alleged theft.

5. 9252-9320 Québec Inc., doing business as Remorques Syr ("**Syr**"), a trailer repair company, was the party in custody of the Semi-Trailer when it was allegedly stolen from Syr's custody while awaiting repair in an adjoining lot to Syr's repair garage, located in the Province of Quebec. Syr is Intact's insured under a liability policy bearing number 693-2301.

6. The Canadian Action is styled as *Transport Kahkashan Inc. v. Intact Compagnie D'Assurance* rather than against Syr because in Quebec there is a statutory right of direct action against Syr's liability insurer, Intact.

7. According to the allegations of the Originating Application of the Canadian Action, the Semi-Trailer had been involved in an accident in July 2016 and had been parked in Syr's Quebec lot continually between July and October 2016. However, during this precise time, it appears that the Semi-Trailer was intercepted in New York by the North Hudson Troop of the New York State Police ("North Hudson Troop") on September 11, 2016, for the purpose of a Weight Inspection. It further appears, according to a computer abstract of inspection, a report SPB0198650 was issued, and the driver received brake and other violations. The abstract, conducted by counsel in Canada is attached as Exhibit "3", and the relevant section is blown up in Exhibit "4".

8. It is necessary to procure this evidence that the Trailer was in New York and functional in September 2016 because it directly undermines Kakhashan's *prima facie* theft claim that the allegedly stolen trailer was actually in Syr's custody in Quebec, and similarly undermines the viability of the Canadian Action.

9. Applicant, then, has an interest in the action, in that the applicant, Intact Compagnie D'Assurance, is directly defending the underlying action on behalf of Syr and is liable for the result of the trial. North Hudson Troup resides at 1097 NYS Route 86, Box 100 Ray Brook, NY 12977-0100 within the juridical district of the above-entitled court and has knowledge of the following fact material to the *defense* of the above-described action: The presence of the Semi-Trailer outside of Syr's yard and in New York on September 11, 2016.

10. It is necessary for petitioner to procure the testimony of North Hudson Troup for use in the Canadian Action because the Semi-Trailer's presence in New York demonstrates that the Semi-Trailer was not damaged and awaiting repairs since July 2016 as alleged by Kahkashan. This tends to prove that Syr is not responsible for a subsequent theft of the Semi-Trailer on October 6, 2016.

11. An Order of this court appointing a person to take the deposition of an Official of the North Hudson Troup of the New York State Police for use in the action is necessary because New York State Police is a government agency, and the materials sought in the Subpoena are: Officially Stamped New York State Weigh-In documents in the form of report SPB0198650, which are admissible in the Superior Court of Quebec, and which I intend to offer into evidence there.

**Wherefore**, applicant requests an order of this court directing that the deposition of an appropriate member of the New York State Police Department be taken, in such a manner and under such conditions and restrictions as the court may prescribe, for use in the Canadian Action entitled *Transport Kahkashan Inc. v. Intact Compagnie D'Assurance* now

pending in the Superior Court of Quebec, of Canada, and appointing New York counsel for Petitioner, Kenneth M. Alweis, Esq., a member of this Court, to obtain the materials, take the deposition, and for such further relief as to the court may seem just and proper.

December 22, 2021
Montreal, Quebec

*[signature]*

Amélie Pasquin, avocate
**WEIDENBACH LEDUC PICHETTE**
Contentieux / Indemnisation Intact
2020, boulevard Robert-Bourassa, bureau 100
Montréal (Québec) H3A 2A5